# In the United States Court of Federal Claims

No. 17-129C

(Filed Under Seal: March 3, 2017)

(Reissued for Publication: March 13, 2017)[1]

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| THE CONCOURSE GROUP, LLC, * <br> * <br> Plaintiff, * <br> * <br> v. * <br> * <br> THE UNITED STATES, * <br> * <br> Defendant. * <br> and * <br> * <br> RER SOLUTIONS, INC., * <br> * <br> Defendant-Intervenor. * | Rule 12(b)(6) Motion to Dismiss; Post-Award Bid Protest; Organizational Conflicts of Interest; Timeliness; <u>Blue & Gold Fleet</u>. |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*Robert Nichols*, Nichols Liu LLP, Washington, D.C., for Plaintiff.

*Anthony F. Schiavetti*, with whom were *Chad A. Readler*, Acting Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, *Douglas K. Mickle*, Assistant Director, *Christopher J. Carney*, Senior Litigation Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, as well as *Scott N. Flesch*, Chief, Bid Protests, and *Major Stephen P. Smith*, Trial Attorney, U.S. Department of the Army, Washington, D.C., for Defendant.

---

[1] The Court issued this decision under seal on March 3, 2017, and invited the parties to submit proposed redactions of any proprietary, confidential, or other protected information on or before March 10, 2017. Neither party proposed any redactions. Thus, the Court reissues the opinion in full.

*Keir X. Bancroft*, with whom was *J. Scott Hommer, III*, Venable, LLP, Washington, D.C., for Defendant-Intervenor.

## OPINION AND ORDER

WHEELER, Judge.

In this post-award bid protest, Defendant-Intervenor RER Solutions, Inc. filed a motion for partial dismissal of Plaintiff Concourse Group LLC's complaint for failure to state a claim upon which relief may be granted under Rule 12(b)(6) of the Court of Federal Claims ("RCFC"). In its complaint, Concourse raises organizational conflict of interest ("OCI") claims based on the relationship between the Army and RER's subcontractor, Jones Lang LaSalle ("JLL"). RER seeks to dismiss these OCI allegations. It argues that Concourse has not alleged "hard facts" to support its OCI claims, and, in the alternative, that Concourse waived these claims by failing to raise them prior to the award of the contract. On March 1, 2017, this Court granted RER's motion in a ruling from the bench in which it agreed that Concourse had waived its OCI claims. On March 3, 2017, Concourse filed a motion for reconsideration of the Court's bench ruling. See Dkt. No. 30. The Court DENIES Concourse's motion for reconsideration, and sets out the reasons for the Court's bench ruling below.

## Background[2]

On July 15, 2015, the Army issued Solicitation No. W9124J-15-R-0064 seeking Military Housing Privatization ("MHPI") support services. Compl. ¶ 16. The solicitation used the lowest price technically acceptable procurement method, and required that the contract be awarded to a small business. Id. ¶ 17. JLL, the incumbent contractor (and not a small business), filed a pre-award bid protest at the Government Accountability Office ("GAO") over wording in the solicitation. Id. ¶¶ 2, 20. The Army took corrective action, rendering the protest moot. Id. ¶ 20. JLL also filed two additional pre-award bid protests at the GAO concerning the small business limitation. Id. ¶ 23. However, the GAO dismissed both protests and allowed the procurement to proceed. Id. ¶ 24. After submitting initial proposals, two small businesses advanced in the procurement: Concourse and RER. Id. ¶ 19. Both small businesses drew on the support of larger contracting organizations; Concourse's team included Alvarez & Marsal ("A&M"), and RER's team included JLL. Id. ¶¶ 21–22.

On July 11, 2016, after the Army closed discussions and requested final proposals, Concourse filed a pre-award protest at the GAO. Id. ¶¶ 5, 34–35. In its GAO protest, Concourse alleged that the Army had disregarded the solicitation terms when demanding that Concourse's past experiences with MHPI be Army-specific. Id. ¶¶ 36–37. The Army

---

[2] The Court draws the facts in this Background section from the allegations in Concourse's Complaint. For the purposes of RER's motion for partial dismissal, the Court assumes these allegations to be true.

2

took corrective action and modified the solicitation's terms to ensure that evaluators would be impartial to the source of MHPI experience.  Id. ¶ 38.  After the corrective action, the GAO dismissed the protest as moot.  Id.  In the end, the Army awarded the contract to RER, with JLL as its subcontractor.  Id. ¶ 39.

Concourse timely requested a debriefing, which the Army provided on September 24, 2016.  Id. ¶ 40.  Concourse proceeded to file a post-award bid protest at the GAO on September 30, 2016.  Id. ¶ 41.  Concourse alleged four counts: (1) the Army applied unstated criteria in evaluating past performance; (2) the Army failed to reasonably evaluate Concourse's technical subfactors; (3) the Army's errors led to inadequate and misleading discussions; and (4) the Army treated RER's and Concourse's proposals unequally.  Id.  The GAO deferred to the Army's evaluation and rejected all four arguments in a protected opinion dated January 6, 2017.  Id. ¶ 42.

On January 30, 2017, Concourse filed its complaint with this Court alleging that the Army: (1) failed to mitigate OCIs; (2) arbitrarily, irrationally, and disparately evaluated RER's technical proposal and violated terms in the solicitation; (3) provided inadequate and misleading discussions with Concourse; and (4) disparately evaluated Concourse's and RER's proposals.  Id. ¶ 64-86.

Since the GAO issued its opinion, Concourse claims to have discovered two documents that show evidence of the Army's and JLL's close relationship.  These documents allegedly result in three OCIs that should have prevented the Army from awarding the contract to RER.  Id. ¶ 43.  The first document is a 2012 Army publication entitled "A History of the U.S. Army's Residential Communities Initiative, 1995-2010," and the second is Mr. Dean Stefanides' (an army employee turned government contractor) current biography on JLL's website.  Id. ¶¶ 44, 45.  Concourse alleges that these documents show three types of OCI that the Army failed to mitigate: (1) biased ground rules, (2) unequal access to information, and (3) impaired objectivity.  Id. ¶ 47.

On February 9, 2017, RER filed a motion to dismiss all of Concourse's OCI claims for failure to state a claim upon which relief may be granted under RCFC 12(b)(6).  Dkt. No. 18.  RER argues first that Concourse's OCI claims lack "hard facts" needed to survive a motion to dismiss, and, in the alternative, that Concourse waived all OCI claims by failing to present them before the Army awarded the contract.  Concourse filed a response to RER's motion on February 16, 2017.  Dkt. No. 21.  On February 21, 2017, RER filed its reply, and the United States also filed a reply in support of RER's motion.  Dkt. Nos. 23, 24.  The Court granted RER's motion from the bench after oral argument on March 1, 2017.  Concourse filed its motion for reconsideration on March 3, 2017.

Discussion

A.   Standard of Review

A complaint fails to state a claim upon which relief may be granted within the meaning of RCFC 12(b)(6) "when the facts asserted by the claimant do not entitle him to a legal remedy." Briseno v. United States, 83 Fed. Cl. 630, 632 (2008) (citation omitted). On a RCFC 12(b)(6) motion, the Court must construe allegations in the complaint favorably to the plaintiff. See Extreme Coatings, Inc. v. United States, 109 Fed. Cl. 450, 453 (2013). In this vein, a plaintiff need only assert "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Finally, a plaintiff may not simply plead "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

B.   Concourse Waived its OCI Claims by Not Raising Them Before the Award

Under the seminal Blue & Gold Fleet case, "A party who has opportunity to object to the terms of a government solicitation containing a patent error and fails to do so prior to the close of the bidding process waives its ability to raise the same objection subsequently in a bid protest action in the Court of Federal Claims." Blue & Gold Fleet L.P. v. United States, 492 F. 3d 1308, 1313 (Fed. Cir. 2007). The Federal Circuit adopted this rule to prevent contractors from "taking advantage of the government and other bidders" by sitting on their rights during the bidding process, which leads to expensive post-award litigation. Id. at 1313–14 (quoting Cmty. Heating & Plumbing Co. v. Kelso, 987 F.2d 1575, 1580 (Fed. Cir. 1993)). The waiver rule applies broadly in bid protests to all situations where the protesting party had the opportunity to raise its claim before the award of the contract. COMINT Sys. Corp. v. United States, 700 F.3d 1377, 1382 (Fed. Cir. 2012).

Logically, the waiver rule also applies where a protester fails to raise OCI claims before the close of the bidding process. See Commc'n Constr. Servs., Inc. v. United States, 116 Fed. Cl. 233, 264 (2014); CRAssociates, Inc. v. United States, 102 Fed. Cl. 698, 712 (2011), aff'd, 475 F. App'x 341 (Fed. Cir. 2012). For example, in CRAssociates, a bidder on an Army contract asked the Army to amend its Request for Proposals to mitigate potential OCIs caused by the Army's close relationship with the incumbent contractor. 102 Fed. Cl. at 712. When the Army failed to address the bidder's concerns, the bidder chose not to pursue its OCI claims further before the contract was awarded. When it raised its OCI claims in a post-award bid protest in this Court, the Court (Allegra, J.) found that, "[g]iven its lack of diligence, [the protester] should not be heard to argue now—after the

award—that the agency erred in failing to amend the RFP to deal with the concerns [it had] with [the incumbent's] prior performance." Id.[3]

The situation here is quite similar to that in CRAssociates. As in that case, Concourse alleges that the Army and the incumbent's "unusually close" relationship gave rise to multiple OCI claims. Compl. ¶ 43. Despite JLL's incumbent status, Concourse also claims it was unaware of the unusually close relationship until after the contract award. The Court finds that Concourse knew or should have known of JLL's role in the MHPI program well before the contract award. First, the Court finds it unconvincing that Concourse was ignorant of or unable to access the two public documents it references in its complaint before the contract award (both of which were highly relevant to the MHPI program). Second, JLL filed three separate pre-award protests at the GAO before the contract award, thereby publically displaying its interest in the procurement and putting Concourse on notice of its possible involvement. Id. ¶¶ 20, 23. Finally, and most tellingly, Concourse admits in its Complaint that it was aware of JLL's direct participation with RER prior to the contract award and still did not raise an OCI claim in its pre-award protest at the GAO. See id. ¶ 37 ("Concourse contended [at the GAO] that this vague Solicitation language and the Army's desire for Army experience was tipping the competition in favor of the small business backed by the incumbent JLL.").

In sum, both the public documents and JLL's interest in the procurement were "easily recognizable or obvious" facts that make them subject to the Blue & Gold patent ambiguity test. Infrastructure Def. Techs., LLC v. United States, 81 Fed. Cl. 375, 389 (2008). Therefore, Concourse failed to timely raise its OCI claims prior to the award of the contract despite the opportunity to do so and its easy access to the knowledge upon which it now relies. As a result, Concourse's OCI claims are waived.[4]

Conclusion

The Court finds that Plaintiff has waived its OCI claims. Therefore, Defendant-Intervenor's motion for partial dismissal is GRANTED. Count I of Plaintiff's Complaint is dismissed. Furthermore, because Plaintiff's OCI claims are dismissed, Plaintiff's motion to supplement the administrative record with respect to those OCI claims (Dkt. No. 27) is

---

[3] Concourse argues in its motion for reconsideration that "Count I does not stand on the existence of the OCIs itself, but rather on the Army's failure to identify and evaluate the OCIs and avoid, neutralize, or mitigate them." Mot. for Recon. at 2, Dkt. No. 30. Under this logic, Concourse only knew about the Army's failure to mitigate the OCIs when the Army awarded the contract to RER. Id. This is not the law. If it were, then protesters like CRAssociates could simply sit on their rights until they knew whether or not they had won the contract. See CRAssociates, 102 Fed. Cl. at 712 ("[A] contractor should not be allowed to protest an agency's failure to identify and mitigate an OCI when the contractor knew about the alleged OCI from the start, but failed to assert it, via protest, prior to the award.").

[4] Because the Court finds that Concourse has waived its OCI claims, the Court need not reach the additional issue of whether Concourse has alleged hard facts sufficient to support those claims.

DENIED as moot.  Plaintiff's motion for reconsideration of the Court's bench ruling is also DENIED.

    IT IS SO ORDERED.

                                        s/Thomas C. Wheeler
                                        THOMAS C. WHEELER
                                        Judge